```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

KEITH RICHARDSON,              )
                               )
        Plaintiff,             )
                               )
        v.                     )    C.A. No. 05-11259-RWZ
                               )
SAFETY INSURANCE,              )
                               )
        Defendant.             )

ORDER ON PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

For the reasons stated below, the Court denies without prejudice the plaintiff's application to proceed in forma pauperis.

BACKGROUND

On June 14, 2005, plaintiff Keith Richardson filed a complaint in which he alleges that the defendant, Safety Insurance, failed to (1) pay adequately for damages to Richardson's car; and (2) provide Richardson a rental car for the time during which his car was undergoing repairs.  Richardson, who identifies himself as black, maintains that Safety Insurance denied Richardson these insurance benefits on the basis of Richardson's race.

Using a form application provided by the Court, Richardson also filed a motion to proceed without prepayment of the $250.00 fee assessed for commencing a civil action.  Richardson did not, however, respond fully to some of the questions on this form. Question two on the application requires the plaintiff to

indicate whether he is employed, and, if he is not employed, the plaintiff must "state the date of your last employment, the amount of your take-home salary of wages and pay period and the name and address of your last employer." Application at 1. Although Richardson indicates he is not employed, he does not provide information about his last employment. Similarly, Richardson indicates in his response to question three that he has received unemployment insurance benefits in the last year, but he does not follow the instruction on the form to "state the amount received and what [he] expect[s] [he] will continue to receive." Id. at 1, 2. Richardson also represents in his response to question four that he has cash or a checking or savings account; he fails, however, to "state the total amount" of these liquid assets. Id. at 2.

## DISCUSSION

A litigant filing a civil action in this court must either (1) pay the $250.00 filing fee, or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) ($250.00 filing fee); 28 U.S.C. § 1915(a) (in forma pauperis actions). The federal in forma pauperis statute permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give

security." 28 U.S.C. § 1915(a)(1). Despite the statute's use of the phrase "such prisoner," the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997), abrogated in part by statute on other grounds, see Callihan v. Schneider 178 F.3d 800, 803 (6th Cir. 1999); Fridman v. City of New York, 195 F. Supp. 2d 534, 536 n.1 (S.D. N.Y. 2002).[1]

As noted above, Richardson has not provided the Court with the information required in the form application concerning his employment history, income, and liquid assets. Thus, Richardson has not "submit[ted] an affidavit that includes a statement of all assets [he] possesses." 28 U.S.C. § 1915(a)(1). Without this information, the Court cannot determine whether Richardson is "unable to pay" the filing fee. Id.

Accordingly, I grant the plaintiff thirty-five (35) days from the date of this Order to do one of the following: (1) submit payment for the $250.00 filing fee; or (2) file a

---

[1]The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error. See In re Perry v. Secretary of Hous. & Urban Dev., 223 B.R. 167, 169 n.2 (8th Cir. 1998); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

completed application to proceed without prepayment of fees. Failure to do so within the allotted time will result in dismissal of this action without prejudice.

## CONCLUSION

ACCORDINGLY, the Court denies without prejudice the plaintiff's motion to proceed *in forma pauperis*. The Court directs the plaintiff to either pay the $250.00 filing fee or submit a new application to proceed without prepayment of the filing fee within thirty-five (35) days of the date of this Order, or this action shall be dismissed without prejudice.

The Clerk is directed to send petitioner an Application to Proceed Without Prepayment of Fees and Affidavit with this Order. SO ORDERED.

| | |
|---|---|
| 7/28/05 | /s/ Rya W. Zobel |
| Date | UNITED STATES DISTRICT JUDGE |