```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

Keith Richardson,        )
                         )
       Plaintiff,        )
v.                       )    C.A. No. 05-11259-RWZ
                         )
Safety Insurance,        )
                         )
       Defendant.        )
                         )
```

MEMORANDUM AND ORDER

On June 14, 2005, *pro se* plaintiff Keith Richardson ("plaintiff") filed a complaint and an incomplete application to proceed without prepayment of fees. On July 28, 2005, the court directed plaintiff either to file a completed fee application or to pay the filing fee. On October 21, 2005 petitioner filed a completed fee application. For the reasons stated below, the Court will grant the fee application, and order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

ALLEGED FACTS

In summary, plaintiff claims that the defendant, Safety Insurance, refused to pay a claim for damage to plaintiff's car until after plaintiff had the car fixed. Complaint pg. 2. Plaintiff alleges that he had the car fixed, and it appears that the defendant has now paid the claim either in whole or in part. Complaint pg. 2.

Plaintiff alleges that jurisdiction in this court is proper

pursuant to 28 U.S.C. § 1331.  Plaintiff does not specify the federal statute or constitutional provision he believes supports his claim.  Plaintiff also alleges that he is a Massachusetts resident, Complaint ¶ 1, and that the "defendant Safety Insurance is a resident of Massachusetts."  Complaint ¶ 2.  Plaintiff does not state the amount or nature of damages sought.

## ANALYSIS

I. Plaintiff's Fee Application Is Granted

Based on the allegations contained in plaintiff's application to proceed without prepayment of fees, it appears that petitioner is unemployed and otherwise lacks sufficient assets to pay the filing fee.  Accordingly, his fee application is hereby granted.

II. The Court Lacks Subject Matter Jurisdiction In This Case

Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction.  In order to entertain plaintiff's claims, this court must have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction).  In the absence of either type of subject matter jurisdiction, the court is obligated to dismiss the complaint.  See Fed. R. Civ. P. 12(h)(3) ("whenever it appears...that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").  In the present case, it appears that neither type of jurisdiction exists.

A.  <u>Federal Question Jurisdiction</u>

Federal question jurisdiction exists only when the action involves claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case, plaintiff has alleged, at best, only state law claims for breach of contract by his insurance company and/or claims under Massachusetts consumer protection laws.  Such claims are insufficient to confer subject matter jurisdiction under 28 U.S.C. § 1331.  Accordingly, it appears that this court lacks federal question jurisdiction over plaintiff's claims.

B.  <u>Diversity Jurisdiction</u>

A district court has diversity subject matter jurisdiction only when the matter in controversy is between "citizens of different states," <u>and</u> "exceeds the sum or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  The present complaint satisfies neither of these requirements.

In this case, plaintiff has alleged that both parties are citizens of Massachusetts. Complaint ¶¶ 1-2.  In addition, although the complaint itself does not specifically state the amount in controversy, it appears from the documents attached to the complaint that the amount of damage to plaintiff's car was under $4,000.00.  The complaint fails to set forth any allegations whatsoever that would support a finding that

plaintiff's damages exceed $75,000.00.[1]  Accordingly, it appears that this court also lacks diversity jurisdiction over plaintiff's claims.

## ORDER

ACCORDINGLY, it is hereby ORDERED:

A.  Plaintiff's application to proceed without prepayment of fees is hereby GRANTED; and

B.  For the reasons set forth above, plaintiff is directed to show cause, within thirty-five (35) days, why this case should not be dismissed for lack of subject matter jurisdiction.  Failure to do so will result in dismissal of this action.

Dated at Boston, Massachusetts, this 28th day of October, 2005.

                                                   s/ Rya W. Zobel
                                         UNITED STATES DISTRICT JUDGE

---

[1] In considering whether to dismiss for failure to allege the minimum jurisdictional amount under § 1332(a), a district court must determine whether it is "a legal certainty that the claim is really for less than the jurisdictional amount." Amalgamated Transit Union v. Greater Portland Transit Dist., 589 F.2d 1, 27 (1st Cir. 1978)(quotations omitted)(citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).  Applying this standard to plaintiff's allegations in this case, and giving plaintiff's pro se complaint the liberal reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court finds that it is apparent to "a legal certainty" that the amount of plaintiff's claim is substantially less than the minimum jurisdictional amount of $75,000.00.